IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 1:13-cr-10054-JDB-1

DONALD EUGENE PRIDDY,

    Defendant.

ORDER DIRECTING CLERK TO DOCKET DEFENDANT'S MOTION TO CORRECT
JUDGMENT AS A CIVIL CASE
AND
DISMISSING PETITION FOR LACK OF JURISDICTION

On January 24, 2025, the Defendant, Donald Eugene Priddy, Bureau of Prisons Register No. 26176-076, an inmate confined at the Federal Correctional Institution in Talladega, Alabama, filed a pro se document entitled "Motion to Correct [Judgment], Pursuant to Federal Criminal Procedure Rule 36" in which he requests credit for time spent in state custody from June 24, 2013. (Docket Entry 77.)

Federal courts may issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where, as here, an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply."); *see Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)

(per curiam) (§ 2241 addresses the execution of a federal sentence).  The Court construes the instant motion as a § 2241 petition and DIRECTS the Clerk to docket it as a new civil case.

Section 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions."  *See Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) ("When a habeas corpus petitioner challenges his "present physical confinement," . . . "jurisdiction lies in only one district:  the district of confinement").  The law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.").

The proper venue for a suit under § 2241 by an inmate confined at FCI Talladega is the United States District Court for the Northern District of Alabama, Eastern Division.  *See* 28 U.S.C. § 81(a)(4).  Because Priddy seeks § 2241 relief from this Court, which is not the proper venue and which lacks personal jurisdiction over the appropriate respondent, his petition must be DISMISSED.

IT IS SO ORDERED this 31st day of March 2025.

/s J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE